UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 2:20cr55

VARITA V. QUINCY,

        Defendant.

## MEMORANDUM ORDER

This matter comes before the court on the United States' "Motion to Dismiss the Defendant's Petition" ("Motion"), filed December 16, 2021. ECF No. 48. For the following reasons, the Motion is **GRANTED**.

### I. BACKGROUND

On October 13, 2020, Defendant pleaded guilty to Counts One and Three of a three-count Indictment pursuant to a Plea Agreement. ECF Nos. 3, 16. Count One charged Defendant with Conspiracy to Defraud the United States and to Commit Theft of Property of Value to the United States, in violation of 18 U.S.C. § 371. ECF No. 3 at 5-16. Count Three charged Defendant with Making False Statements, in violation of 18 U.S.C. §§ 1001(a)(2) and 2. ECF No. 3 at 18-19.

These charges stemmed from Defendant's conduct occurring from roughly April 2015 through July 2015, when she was a contractor for the United States Military. ECF No. 17 (Statement of Facts

("SOF")) ¶¶ 1-4. During this time, Defendant and others permitted third parties to steal property of value to the United States from an American base in Afghanistan in exchange for money. Id. ¶¶ 1-2, 12-14. The total loss to the United States was conservatively estimated at $179,708. ECF No. 36 (Presentence Investigation Report ("PSR")) ¶ 8.[1]

In her Plea Agreement, Defendant agreed to several terms pertinent to the instant Motion. Paragraph Eleven of the Agreement explained as follows:

> The defendant agrees to forfeit all interests in any fraud or theft related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his [sic] offense. The property subject to forfeiture includes, but is not limited to: a money judgment in the amount representing the proceeds the defendant obtained as a result of the fraud scheme and thefts described in the indictment. The defendant understands that if proceeds of the offense(s) are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds. The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of

---

[1] The exact "replacement value of several of the items that were stolen is unknown," but was at least $1.00. PSR ¶ 8 These items were therefore valued at $1.00 for sentencing purposes. Id.

2

> Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

ECF No. 16 ¶ 11 (internal citation omitted).

Defendant further agreed to "waive all constitutional and statutory challenges to forfeiture in any manner . . . to any forfeiture carried out in accordance with [the] Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment." Id. ¶ 12. She also agreed to "take all steps as requested by the United States to pass clear title to forfeitable assets to the United States," and that she understood that "all property covered by [the Plea Agreement] is subject to forfeiture as proceeds of illegal conduct and substitute assets for property otherwise subject to forfeiture." Id. Defendant and her attorney signed the Plea Agreement and initialed each page. ECF No. 16.

On April 27, 2021, the court sentenced Defendant to fifty-one (51) months of incarceration, three (3) years of supervised release, and payment of $179,708 in restitution. ECF No. 42 at 2-3, 5. That same day, the court entered a Consent Order of Forfeiture ("First Forfeiture Order"), which it incorporated into its Judgment, ordering forfeiture of a "sum of money in the amount of $179,708" representing "the proceeds of the offense obtained by the defendant . . . ." ECF No. 40 ¶ 1. The court ordered that Defendant's liability "shall be joint and several

3

with any forfeiture of proceeds ordered against" her coconspirator, Larry Green ("Green"). Id. Defendant signed and agreed to the terms of this Order, which was filed in open court. Id. at 3.

On October 21, 2021, the United States moved the court to enter a second order of forfeiture. ECF No. 45. It sought forfeiture of three parcels of real property in Houston, Texas (the "Properties"), arguing that they constituted substitute assets pursuant to 21 U.S.C. § 853(p). See ECF No. 45 at 3-5. The Properties were acquired by Defendant in 2017 and "are all in the name of Quincy Realty Group, LLC, a company organized by [Defendant]." See id. at 5. The United States discovered their existence during a post-judgment asset investigation, as Defendant did not disclose her interest and control over the Properties during the preparation of her PSR. See id. Defendant was served with a copy of this Motion for a Second Forfeiture Order by first class mail, but did she not respond to it. See id. at 8.

The United States estimated that a sale of the Properties would result in net proceeds of $103,682, which would be used to offset the outstanding money judgment balance of $168,228 for which Defendant and Green are jointly liable, with any excess to be used to satisfy the outstanding $179,708 restitution judgment. Id. at 4. The court granted the Motion for a Second Forfeiture Order

4

and entered the Second Forfeiture Order on November 10, 2021, covering the Properties. ECF No. 46.

Defendant filed the instant "Motion for Ownership Interest in Forfeited Property Pursuant to 21 U.S.C. § 853(n)" ("Petition"), pro se on November 19, 2021. ECF No. 47.[2] In her Petition, Defendant argues that the Properties should not be forfeited, and requests that the court "void" the Second Forfeiture Order. See ECF No. 47 at 2. She represents that no proceeds from her offenses of conviction were used to purchase the Properties, and that "the offense occurred years after" the Properties were purchased. See id. She also asserts that "the appraised value will exceed the amount of the judgment in whole and half the total," suggesting that she is only liable for half of the outstanding forfeiture judgment balance. Id.

On December 16, 2021, the United States responded by filing its Motion, moving the court to dismiss the Petition on procedural and substantive grounds. ECF No. 48 at 1. The same day, the United States also filed, and sent to Defendant by first class mail, a Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), explaining that Defendant was entitled to file a response

---

[2] This is the date that Defendant placed her Petition in the mailbox at her facility. See United States v. McNeill, 523 F. App'x 979, 981 (4th Cir. 2013) ("[A] pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" (quoting Houston v. Lack, 487 U.S. 266, 275 (1988)).

5

to the Motion within twenty-one (21) days and the potential for dismissal of the Petition if Defendant did not respond. ECF No. 49. Despite this Notice, Defendant failed to respond to the United States' Motion.

## II. ANALYSIS

Defendant's Petition is both procedurally defective and substantively meritless. The court, therefore, **GRANTS** the United States' Motion.

### A.

First, Defendant filed her Petition pursuant to 21 U.S.C. § 853(n), a statute that expressly prohibits defendants from employing the ancillary procedure it establishes for challenging a forfeiture judgment. See 21 U.S.C. § 853(n)(2) (noting that "[a]ny person, other than the defendant," may employ the procedures set forth (emphasis added)); United States v. Bradley, 882 F.3d 390, 392 (2d Cir. 2018) ("criminal defendants cannot bring a petition under § 853(n)"); United States v. Adams, 159 F. Supp. 3d 688, 696 (N.D.W. Va. 2016) (holding that the defendant was barred from filing a petition under § 853(n)(2)); United States v. Daugerdas, No. 09-cr-581, 2020 WL 3472447, at *2 (S.D.N.Y. June 25, 2020) (explaining that defendants may not employ § 853(n)(2) and collecting cases). In addition, even if Defendant were permitted to file an ancillary petition, Defendant's Petition is defective because she did not attest to its truth under penalty of

6

perjury. See 21 U.S.C. § 853(n)(3); United States v. Wagner, No. 4:15-cr-28, 2017 WL 6513420, at *5-6 (E.D. Va. Dec. 19, 2017) (Doumar, J.) (dismissing petition filed by pro se party without proper attestation); United States v. Sanders, No. 3:18-cr-367, 2019 WL 4199805, at *1 (W.D.N.C. Sept. 3, 2019) (same).

Even if Defendant had satisfied the procedural requirements of § 853(n), the substance of the Petition does not warrant the relief sought, as the Properties are qualifying substitute assets.

> For a court to order the forfeiture of substitute assets under § 853(p), it must find that "as a result of any act or omission of the defendant," the forfeitable property "(A) cannot be located upon the exercise of due diligence; (B) has been transferred to . . . a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty."

United States v. Alamoudi, 452 F.3d 310, 315-16 (4th Cir. 2006) (quoting 21 U.S.C.A. § 853(p)). Where one of these prerequisites is satisfied, "the court shall order the forfeiture of any other property of the defendant, up to the value of" the property it substitutes. 21 U.S.C. § 853(p)(2) (emphasis added).

Defendant consented to the entry of the First Forfeiture Order, in which the court found, and Defendant agreed, that at least one of the prerequisites the United States must establish to seek forfeiture of substitute assets was satisfied in this case. ECF No. 40 ¶ 2. Specifically, the First Forfeiture Order states that "the defendant agrees that and [the] Court finds that one or

7

more of the criteria set forth in 21 U.S.C. § 853(p)(1) are present here and the United States may therefore seek forfeiture of substitute assets pursuant to § 853(p)." Id. Defendant, therefore, has already agreed in the First Forfeiture Order that the United States may seek substitute assets to satisfy the $179,708 forfeiture judgment, "which represents the proceeds of the offense obtained by the defendant." Id. ¶¶ 1-2; see United States v. Saunders, 789 F. App'x 358, 358-59 (3d Cir. 2020) (enforcing similar waiver in a plea agreement). Accordingly, the United States may seek forfeiture of "any other property of the defendant" up to the unsatisfied portion of the forfeiture judgment. 21 U.S.C. § 853(p)(2); see United States v. Oregon, 671 F.3d 484, 487 (4th Cir. 2012) ("when the property representing direct proceeds of illegal activity is unavailable, the United States may instead seek the forfeiture of 'substitute property' of a defendant up to the value of the property that would otherwise be subject to forfeiture"); United States v. Manlapaz, 825 F. App'x 109, 117 (4th Cir. 2020) (noting that "there are no limits on what property may be substituted for the proceeds," and that "there is no requirement that substitute assets be connected to the offense giving rise to forfeiture").

For this reason, Defendant's contention that she did not purchase the Properties with tainted assets does not allege a defect in the Second Forfeiture Order. Indeed, this argument

8

embodies the entire purpose of seeking substitute assets. The United States sought through the Second Forfeiture Order to substitute the value of the Properties for Defendant's ill-gotten gains.[3]

Defendant's challenge to the Second Forfeiture Order based on her contention that she is only liable for half of her forfeiture judgment must also fail. Defendant agreed that "$179,708 . . . represents the proceeds of the offense <u>obtained by the defendant</u> and which sum shall constitute a monetary judgment <u>against the defendant</u>," and further agreed that her liability would be "joint and several with any forfeiture of proceeds ordered against [Green] . . . ." ECF No. 40 ¶ 1 (emphasis added).[4] Moreover, Defendant agreed to "waive all constitutional and statutory challenges to forfeiture in any manner" in her Plea Agreement. See ECF No. 16 ¶ 12. At this late stage, the court will not entertain Defendant's untimely challenge to the amount of the forfeiture judgment, which she explicitly consented to and agreed not to

---

[3] The court notes that Defendant purchased the Properties in 2017, ECF No. 45 at 5, and therefore her 2015 offense conduct did not occur "years after" the purchase, as Defendant suggests. See ECF No. 47 at 2. Additionally, Defendant failed to reveal the existence of the Properties during the Probation Office's PSR investigation. See ECF No. 45 at 5.

[4] The United States has also explained that if the sale of the Properties results in net proceeds exceeding the outstanding balance of Defendant's forfeiture and restitution judgments, the excess will be returned to Defendant. ECF No. 45 at 4 n.2.

dispute. See United States v. Boutcher, 998 F.3d 603, 611-12 (4th Cir. 2021) (rejecting a defendant's "attempt to avoid the forfeiture appeal waiver . . . of his plea agreement").

**B.**

These bases for granting the United States' Motion are decisive despite the somewhat unsettled state of the law surrounding joint and several liability for a forfeiture judgment. In Honeycutt v. United States, the Supreme Court addressed whether, under 21 U.S.C. § 853(a)(1), "a defendant may be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." 137 S. Ct. 1626, 1630, 1635 (2017). The Court answered in the negative, holding that forfeiture under § 853(a)(1) "is limited to property the defendant himself actually acquired as the result of the crime." Id. at 1635. The Court relied in part on the fact that § 853(a)(1) "limits forfeiture to 'property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of' the crime." Id. at 1632 (emphasis added) (quoting 21 U.S.C. § 853(a)(1)). Because "[n]either the dictionary definition nor the common usage of the word 'obtain' supports the conclusion that an individual 'obtains' property that was acquired by someone else," the court reasoned § 853(a)(1) could not support joint and several liability for coconspirators. See id. at 1632-33.

Circuit courts have reached differing conclusions when assessing the applicability of Honeycutt to forfeiture statutes other than § 853(a)(1). See United States v. Kenner, 443 F. Supp. 3d 354, 367 (E.D.N.Y. 2020) (discussing the circuit split on this issue). In United States v. Chittenden, the Fourth Circuit addressed whether Honeycutt extends to 18 U.S.C. § 982(a)(2), a similarly worded criminal forfeiture statute. 896 F.3d 633, 639 (4th Cir. 2018). In holding that it did, the court noted that § 982(a)(2), like § 853(a)(1), "limits forfeiture to 'property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of' the crime." Id. at 637 (emphasis added). The Fourth Circuit reasoned that "Honeycutt's interpretation of this language as permitting forfeiture only of tainted property the defendant personally acquired applies with equal force to 18 U.S.C. § 982(a)(2)." Id.

In this case, the United States sought forfeiture under 18 U.S.C. § 981(a)(1)(C), a civil forfeiture statute lacking the "person obtained" language relied upon in Honeycutt and Chittenden. See ECF No. 40 ¶ 1. Given the importance of this language to courts' analysis of the joint and several liability issue, it is not clear whether the Honeycutt holding applies to the statute invoked by the United States in this case. See Chittenden, 896 F.3d at 637; United States v. Sexton, 894 F.3d 787, 799 (6th Cir. 2018) (noting that "the phrase 'the person

11

obtained[]' . . . was the linchpin" of the <u>Honeycutt</u> decision and declining to extend its reasoning to § 981(a)(1)(C)).

However, even assuming that <u>Honeycutt</u> applies here, it would not alter the court's ultimate conclusion. There is no question as to whether Defendant actually acquired the forfeited proceeds, as she agreed that she personally "obtained" the entire forfeited sum. ECF No. 40 ¶ 1. The court also notes that Defendant's appeal waiver would bar a challenge to the First Forfeiture Order on the ground that she is not liable for the entire sum. <u>See</u> ECF No. 16 ¶ 12; <u>Boutcher</u>, 998 F.3d at 611-12. The time to file such an appeal has long passed. <u>See</u> Fed. R. App. P. 4(b)(1)(A).

**C.**

In sum, the court finds that Defendant's Petition is procedurally defective, which alone warrants its dismissal. Alternatively, the court also concludes that the First Forfeiture Order properly imposed a $179,708 money judgment against Defendant, representing the proceeds that she obtained from her offense. ECF No. 40 ¶ 1. Defendant agreed, and the court found, that the United States satisfied the preconditions for seeking forfeiture of substitute assets to satisfy this judgment, <u>id.</u> ¶ 2, and Defendant waived her right to challenge the judgment, <u>see</u> ECF No. 16 ¶ 12; <u>Boutcher</u>, 998 F.3d at 611-12 (enforcing similar appeal waiver). There is no requirement that substitute assets themselves be tainted by the underlying offense for which forfeiture is

12

sought. See Manlapaz, 825 F. App'x at 117. Therefore, the Properties were properly forfeited pursuant to the Second Forfeiture Order.

### III. CONCLUSION

For the foregoing reasons, the United States' Motion, ECF No. 48, is **GRANTED**, and Defendant's Petition, ECF No. 47, is **DISMISSED**. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to Defendant, the United States Attorney at Norfolk, and the United States Probation Office.

IT IS SO **ORDERED**.

/s/ *RBS*
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

February 16, 2022